Filed 11/4/14  P. v. Valadez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>FELIPE VALADEZ,<br><br>       Defendant and Appellant. | C075652<br><br>(Super. Ct. Nos. CRF124768,<br>      CRF133973) |

Within a three-week period, defendant Felipe Valadez twice fled from police officers in his vehicle while intoxicated and while in possession of large amounts of marijuana.  After both car chases, police had to use force to subdue defendant, and both times the car chases were recorded by patrol car dashboard camera (dash cam).  Nine months later, defendant was arrested for shoplifting $224.95 worth of merchandise from Wal-Mart.

As a result of the two car chases, defendant was charged with nine felony counts and one misdemeanor.  As a result of the shoplifting incident, defendant was charged

1

with one felony count of petty theft with a prior conviction. The charges surrounding defendant's two car chases were combined into one case (case 1), and defendant's shoplifting charge remained a separate case (case 2).

Upset with how his appointed counsel was handling his defense in both cases, defendant filed a *Marsden*[1] motion, which was denied.

In a single plea agreement for both cases, defendant pled no contest to two counts of driving under the influence within 10 years of a prior felony driving under the influence and one misdemeanor count of resisting a peace officer; he also pled no contest to the felony count of petty theft with a prior conviction and admitted one prior conviction enhancement.

Subsequently, defendant filed another *Marsden* motion and a motion to withdraw his no contest plea. Both motions were denied and defendant was sentenced to the stipulated term of six years and eight months in prison. On appeal, defendant challenges the denial of both *Marsden* motions and the denial of his motion to withdraw his plea. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

I

*The First Car Chase*

On November 19, 2012, defendant fled from police officers who attempted to pull him over for running a red light. While chasing defendant, the officers saw defendant throw a can of beer out of his window. Defendant drove onto a highway and exited toward a residential neighborhood, throwing another can of beer out of his window. Defendant briefly stopped and two uninvolved passengers fled from the car. He again

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

began to flee. Using a patrol car, officers spun defendant's car 180 degrees until he was blocked by other patrol cars.

Defendant got out of his car and raised his hands. The officers claim that defendant then yelled "shoot me," while defendant contends he yelled "don't shoot me." The officers also say that defendant refused to get down on the ground, so they had to use force to subdue him, including striking him in the shins with a baton. Defendant claims he voluntarily submitted and the police officers hit him in the shins after he was already on the ground. The dash cam recording was unable to resolve these discrepancies because defendant and the officers were not in view. In the recording, an officer yells at defendant to stop resisting and then there are several thumps that presumably are the baton hitting defendant. Defendant was arrested; his car was searched, and police found approximately two pounds of marijuana in his trunk.

The strikes to defendant's shins fractured bones in both of his legs, and defendant had to be taken to the hospital to have his legs put in casts. Defendant was eventually released by hospital personnel.

II

*The Second Car Chase*

Three weeks later, on December 9, 2012, defendant again did not stop for police officers while driving under the influence. Defendant veered around spike strips that were deployed in an attempt to stop him. He exited the freeway and ran a red light. More spike strips were deployed to stop defendant; this time, he ran over the spikes but still continued to flee. Defendant pulled into a parking lot, and police held him at gunpoint and ordered him out of the car. Defendant remained in the car, and police saw him casually drinking from a can of beer. Police attempted to get defendant out of the car with a Taser, a dog, and then a baton. When police got him out of the car, they discovered he had casts on both of his legs. Defendant was arrested; police searched his vehicle and found 145.3 grams of marijuana and a digital scale in his trunk.

3

## III

### *The Charges Surrounding Both Car Chases (Case 1)*

On December 12, 2012, defendant was charged with two felony counts of transporting marijuana, two felony counts of possessing marijuana, two felony counts of DUI within 10 years of a prior felony DUI, two felony counts of evading a peace officer with reckless driving, one felony count of resisting an executive officer (first car chase), and one misdemeanor count of resisting or obstructing a peace officer (second car chase). The complaint also alleged four conviction enhancements for prior felonies. At arraignment on December 12, 2012, defendant pled not guilty to all counts and denied the special allegations.

## IV

### *The First Marsden Hearing*

On June 19, 2013, defendant moved to substitute counsel at a *Marsden* hearing. Defendant desired new counsel because he disagreed with defense counsel's decision to negotiate a plea agreement instead of filing a *Pitchess*[2] motion to obtain the police records of the officers who had broken his legs. In defendant's opinion, either defense counsel should have filed a complaint against the officers for breaking his legs or the district attorney should have filed charges against the officers.

Defense counsel told the court he would rather not file a *Pitchess* motion because that motion would be relevant to only one of the charges -- resisting an executive officer --and favorable resolution of that charge would reduce defendant's prison term by 16 months at most. Negotiating a plea, on the other hand, could result in many charges being dismissed and his sentence being significantly lowered. More importantly, defense counsel believed that if he filed the *Pitchess* motion, the negotiations with the district

---

[2]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531; Evidence Code sections 1043-1045.

attorney would stop and defendant would face 14 to 17 years in prison. Nevertheless, defense counsel said that he would file the *Pitchess* motion if defendant rejected the proposed plea agreement. The trial court, Judge Timothy Fall, denied defendant's *Marsden* motion, stating that defense counsel had not fallen below the standard of care.

V

*The Shoplifting Incident (Case 2)*

On September 29, 2013, while out on bail, defendant entered Wal-Mart, put $224.95 worth of merchandise in his shopping cart, and left without paying. Defendant was arrested and charged with a felony count of petty theft with a prior conviction; the complaint also alleged five prior felonies.

VI

*Defendant's Plea*

On November 8, 2013, pursuant to the terms of a plea agreement, for case 1 defendant pled no contest to the misdemeanor count of resisting or obstructing a peace officer (resulting from the second car chase) and two felony counts of DUI within 10 years of a prior felony DUI. In case 2, defendant pled no contest to a felony count of petty theft with a prior conviction. Defendant also admitted prior conviction enhancement "a" in both cases. Pursuant to the plea agreement, four prior conviction enhancements were dropped and seven felony counts against defendant were dismissed (including the charge of resisting an executive officer following the first car chase.) Sentencing was postponed.

VII

*The Second Marsden Hearing*

On January 7, 2014, defendant brought a second *Marsden* motion. When asked to provide specific instances of inadequate performance, defendant alleged that defense counsel: (1) failed to file a *Pitchess* motion; (2) cussed at and intimidated defendant; (3) failed to argue that the dash cam videos had been edited; (4) failed to subpoena

5

defendant's doctor who prescribed him medical marijuana; and (5) conspired with the district attorney and the West Sacramento Police Department to "railroad" him into accepting a plea for a crime he did not commit. The court, Judge Paul Richardson, denied defendant's *Marsden* motion, finding defense counsel adequately represented defendant, and the conflict was nothing more than tactical disagreements over how the case should proceed.

## VIII

### *The Motion To Withdraw The No Contest Plea*

At defendant's subsequent sentencing hearing, defendant asked to withdraw his plea. The court, Judge David Rosenberg, denied his request, finding the plea was freely, voluntarily, and intelligently given, and there was not sufficient cause to withdraw the plea. For both of his cases, the court sentenced defendant to a stipulated six years and eight months in prison.

## DISCUSSION

On appeal, defendant argues the trial court erred in denying both *Marsden* motions and his request to withdraw his plea. We disagree.

## I

### *The Trial Court Properly Denied Defendant's Marsden Motions*

Defendant first contends the trial court erred in denying his *Marsden* motions because defendant and his counsel had become embroiled in such an irreconcilable conflict that ineffective representation was likely to result. We review the denial of a *Marsden* motion for abuse of discretion. (*People v. Streeter* (2012) 54 Cal.4th 205, 230). "Denial is not an abuse of discretion 'unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel.' " (*People v. Taylor* (2010) 48 Cal.4th 574, 599.)

On a *Marsden* motion, the defendant is entitled to substitute his appointed counsel " 'if the record clearly shows that the appointed counsel is not providing adequate

representation or that the defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " (*People v. Taylor*, *supra*, 48 Cal.4th at p. 599.) An attorney's representation is ineffective when it falls below an objective standard of reasonableness under prevailing professional norms. (*Strickland v. Washington* (1984) 466 U.S. 668, 688 [80 L.Ed.2d 674, 693].) Moreover, "tactical disagreements between a defendant and his attorney or a defendant's frustration with counsel are not sufficient cause for substitution of counsel." (*People v. Streeter*, *supra*, 54 Cal.4th at p. 231.)

The trial court did not abuse its discretion in denying defendant's *Marsden* motions because defendant never showed that ineffective representation was likely to result. Assuming that defendant and his counsel did have an irreconcilable conflict, defendant never put forth any evidence to show that defense counsel's representation was likely to fall (or had fallen) below the standard of care.

At the first *Marsden* hearing defendant argued his counsel was not adequately representing him because his counsel had not filed a *Pitchess* motion despite defendant's request to do so. Defendant's eagerness to file a *Pitchess* motion was apparently due to his belief that the charges against him would be dropped or significantly reduced if he could show that the officers used excessive force and broke his legs unnecessarily.

It is clear to us, as it was clear to defense counsel, that defendant's punishment for driving under the influence and fleeing from police twice would not have been significantly reduced by a showing that police used excessive force when they apprehended him the first time. Defense counsel explained that filing a *Pitchess* motion would only dispute the resisting an executive officer charge, which would reduce his sentence by approximately 16 months at most. More importantly, defense counsel explained that filing the motion would halt plea negotiations with the district attorney and defendant would face approximately 17 years in prison if convicted. Defense counsel recognized that negotiating a plea for a term of six years and eight months benefited

7

defendant more than fighting for a 16-month reduction off of a 17-year sentence. Therefore, counsel's tactical decision not to file the *Pitchess* motion was reasonable.

At the second *Marsden* hearing (after defendant had pled no contest), defendant again argued his counsel failed to adequately represent him because he had not filed a *Pitchess* motion. Defense counsel explained that he did not file a *Pitchess* motion because the charge of resisting an executive officer from the first car chase had been dropped as part of the negotiated plea bargain. Defense counsel even said he did his best to preserve defendant's civil lawsuit against the police officers by negotiating for the dismissal of the resisting charge.

Defendant also told the court that his counsel "failed to call the prosecutor" on the dash cam videos from the first car chase, which he believes were edited and (in their supposed original form) prove he was not resisting. This again is irrelevant to his counsel's representation since the resisting charge from the first car chase had been dismissed.

Defendant also complained that his counsel failed to subpoena the doctor who prescribed defendant his medical marijuana. Defense counsel did not subpoena the doctor as a witness because the marijuana charges were dropped in accordance with the plea agreement. It was therefore reasonable for counsel not to subpoena the doctor.

Furthermore, all of these disagreements involved purely tactical decisions, and tactical disagreements between a defendant and his attorney are not by themselves sufficient cause for substitution of counsel. (*People v. Streeter*, *supra*, 54 Cal.4th at p. 231.)

Defendant did make a few arguments of inadequate representation that did not involve tactical decisions. Defendant said his counsel did not like coming to the jail to visit him; he also said his counsel cussed at him, intimidated him, and made him afraid to talk to him. Defendant did not cite any dates or times when this occurred. Defense counsel explained that he had used profanity out of frustration, but it was not directed at

defendant.  Furthermore, once defendant broached the issue, counsel became very careful not to use profanity around defendant.

The court did not inquire into how many times counsel had visited defendant, but instead asked counsel what he had done so far for defendant in this case.  This is likely because the " 'number of times one sees his attorney, and the way in which one relates with his attorney, does not sufficiently establish incompetence.' " (*People v. Streeter*, *supra*, 54 Cal.4th at p. 230.)  The number of visits to prison and other disagreements with counsel do not warrant substitution of counsel unless defendant can show inadequate representation.  (*Ibid.*)

Based on defendant's successful plea negotiations, seven felony counts against defendant were dismissed and four prior conviction enhancements were dropped.  The trial court found defense counsel had not fallen below the objective standard of reasonableness.  We agree and conclude the trial court did not abuse its discretion in denying defendant's *Marsden* motions.

## II

*The Trial Court Properly Denied Defendant's Motion To Withdraw His Plea*

Defendant also argues the trial court erred in denying his motion to withdraw his plea because he asserts he did not enter his plea voluntarily.  The withdrawal of a guilty plea rests in the sound discretion of the trial court and the trial court's ruling may not be disturbed unless the trial court abused its discretion.  (*People v. Francis* (1954) 42 Cal.2d 335, 338.)

Penal Code section 1018 provides that "the court *shall, for a good cause shown*, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."  (Italics added.)  The burden of proof necessary to establish good cause in a motion to withdraw a guilty plea is by clear and convincing evidence.  (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  Any factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea.  (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)  Such factors

9

include mistake, ignorance, inadvertence, fraud, or duress. (*Ibid.*) Conversely, a plea may not be withdrawn simply because the defendant has changed his mind. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

The trial court did not abuse its discretion in denying defendant's motion to withdraw his plea because defendant did not prove with clear and convincing evidence that he was coerced into involuntarily accepting a plea. In defendant's written request to withdraw his plea he stated a desire to withdraw his plea due to a conflict with his attorney. He stated his counsel participated in organized crime in an effort to convict him and intimidate him into taking a plea deal. He continued to reiterate all of his previous allegations made during his *Marsden* motion, most of which were irrelevant to his plea. These allegations included his belief that his counsel was in conspiracy with the district attorney and West Sacramento Police Department, and that his counsel, the district attorney, and the police officers all falsified evidence, committed perjury, and tampered with evidence. Defendant did not indicate how or when his counsel intimidated him into taking a plea agreement. He did not provide any evidence of any coercion or intimidation by counsel.

On the contrary, defendant initialed and signed several statements in his plea agreement indicating that he understood the plea agreement, discussed it with his attorney, and freely and voluntarily chose to plead no contest. When the trial court accepted defendant's plea agreement it asked defendant if the initials and signatures were his, and defendant confirmed they were. Defendant also confirmed he had enough time to review the plea and discuss it with his attorney; his attorney answered all of his questions; he understood the rights he was giving up; and he knew he would receive a six-year and eight-month prison sentence in exchange for the plea. The court asked defendant if anyone made any promise to him in exchange for the plea and defendant said, "No." The court asked defendant if anyone threatened him or put pressure on him

10

to enter the plea and defendant said, "No." Lastly, defendant said he had no questions for the court and he pled no contest.

The evidence suggests that defendant pled no contest freely, voluntarily, and intelligently. Defendant asserts that "the record demonstrates that [he] was coerced into accepting the plea agreement without sufficient knowledge of the consequences of proceeding to hearing." We find no evidence in the record that shows coercion or other good cause to withdraw the plea; therefore, we conclude the trial court acted within its discretion in denying defendant's motion.

DISPOSITION

The judgment is affirmed.


_____ROBIE_____, Acting P. J.


We concur:


_____MAURO_____, J.


_____HOCH_____, J.

11